UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00174-TBR

C.A. JONES, INC. ET AL.                                                                                    Plaintiffs

v.

MAYSON CAPITAL PARTNERS, LLC, ET AL.                                              Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants' motion for dismiss. (Docket #8, 12). Plaintiffs, without leave of Court, filed an amended complaint. (Docket #11). Defendants moved to dismiss this amended complaint. (Docket #12). Plaintiffs have responded. (Docket #14). Defendants have replied. (Docket #15). These matters now are ripe for adjudication. For the following reasons, Defendants' motions to dismiss (Docket #8, 12) are DENIED.

BACKGROUND

This action arises out of a loan to Charles A. Jones, C.A. Jones, Inc., and Global Book Resellers (collectively "Jones"). Jones was loaned $1.1 million dollars by Mayson Capital Partners, LLC, Missouri Book Company, LLC, PAJCO, Inc., and Jeffrey Maurer (collectively, "Mayson").

In May, 2014, Mayson allegedly approached Jones "about participating in a potential business opportunity." (Docket #1, Ex. 1). Jones "permitted" Mayson to loan Jones $1.1 million. The parties apparently did not put the terms of this loan into writing. Three months later the parties reached a disagreement as to what amount Mayson was entitled to be repaid and when repayment was due. (Docket #1, Ex. 1).

1

Jones filed this lawsuit claiming Mayson has attempted to extort Jones by demanding "many times the amount" that Mayson loaned, "threatening to have Jones prosecuted criminally," and "by interfering in other litigation in which Jones is involved." (Docket #1, Ex. 1). Jones also seeks a declaration of that the transaction is unenforceable and that Jones has no obligation to Mayson. (Docket #1, Ex. 1).

Mayson now moves to dismiss Jones's complaint for failure to state a claim upon which relief can be granted. (Docket #8, 12).

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief

2

above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## DISCUSSION

As an initial matter, the Court will address Jones' amended complaint, which Jones filed without seeking leave from the Court. The Court then turns to whether Jones has pled sufficient facts for his request for a declaratory judgment and his extortion claim.

### I.    Jones Amended Complaint.

Generally, a party may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. The trial court has the discretion to permit or deny an amendment. *Gootee v. Colt Industries, Inc.*, 712 F.2d 1057 , FN 7 (6th Cir. 1983).

Jones did not seek leave of the Court before filing the First Amended Complaint. (Docket #11). However, the amended complaint only minimally alters the original complaint. The original complaint stated: "Under the Kentucky Declaratory Judgment Act, KRS 418.040, the Court is empowered to make a binding declaration of rights." (Docket #1, Ex. 1). The amended complaint, filed after this case was removed to federal court, now states: "Under 28

3

U.S.C. § 2201 and KRS 418.040, the Court is empowered to make a binding declaration of rights of the parties." (Docket #11). In addition, one paragraph was altered to add detail to Jones's extortion claim, a change which Mayson admits is "negligibl[e]." (Docket #12).

Considering how minor the changes are between Jones's original complaint and the amended complaint, the Court will allow Jones's First Amended Complaint (Docket #11) to be entered.

## II.     Request for Declaratory Judgment.

Jones first claim seeks a declaratory judgment that "the plaintiffs have no obligation to pay any amount to the defendants because the transaction is unenforceable under the Statute of Frauds, KRS 371.010." (Docket #11). Mayson argues there is no actual case or controversy at this time and therefore Jones merely seeks an advisory opinion. (Docket #12, 15).

KRS § 418.040 allows a court to make a binding declaration of rights "wherein it is made to appear that an actual controversy exists." The federal Declaratory Judgment Act ("Act") states that in a "case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

An actual case or controversy means a party must be "immediately in danger of sustaining some direct injury." *Miyazawa v. City of Cincinnati*, 45 F.3d 126, 127 (6th Cir. 1995) (*quoting Massachusetts v. Mellon*, 262 U.S. 447, 448 (1923)). The "injury must be both real and immediate, not conjectural or hypothetical." (punctuation omitted) *Id*. (*quoting* O'Shea v. Littleton, 414 U.S. 488, 494 (1974). "The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in

4

clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed." *Grand Trunk W. R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (citation omitted).

A strong majority of state courts have held a declaratory action may be maintained to "declare rights, status, and other legal relations in situations where there is no written instrument." *Carpenter v. Free*, 357 P.2d 882 (Mont. 1960) (noting Missouri and Oregon allowed declaratory judgments on oral contracts and distinguishing Ohio's precedent); *see also McCarl v. Fernberg*, 126 N.W.2d 427 (Iowa 1964); *Zab, Inc. v. Berenergy Corp.*, 136 P.3d 252 (Colo. 2006) (noting "substantial harmony among the states and the federal judiciary in allowing declaratory relief over oral contract disputes" and stating "[c]ases that appear to support a contrary conclusion are limited or unpersuasive."). Several federal courts have considered a declaratory action "to determine whether an alleged oral contract between the parties had been made and, if so, was enforceable." *Transit Advertisers, Inc. v. New York, N. H. & H. R. Co.*, 194 F.2d 907 (2nd Cir. 1952); *Walling v. Green Head Bit & Supply Co.*, 138 F.2d 453 (10th Cir. 1943); *Vernon v. Qwest Communs. Int'l, Inc.*, 643 F. Supp. 2d 1256 (W.D. Wash. 2009).

The Court is convinced that it has the authority to declare the rights and obligations arising under an oral contract. The Court also holds that Jones has presented a set of facts which are ripe for consideration. Jones claims that Mayson loaned $1.1 million dollars to Jones and that Mayson is now demanding repayment. (Docket #11). The parties disagree about the validity of the transaction and the terms of the loan. A declaratory action would both clarify the

5

legal relationship between Jones and Mayson and afford relief from the controversy. *Grand Trunk*, 746 F.2d at 326.

### III. Extortion Claim.

Jones second claim is that Mayson attempted to extort Jones by "threatening to cause Jones to be criminally prosecuted, and in threatening to detrimentally interfere with Jones' litigation." (Docket #11). Mayson argues that Jones' extortion claim must meet the more stringent pleading standard for fraud found in Rule 9(b). (Docket #12). The Court disagrees.

In general, a pleading requires only a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, if a claim "sounds in fraud," it "triggers Rule 9(b)'s heightened standard." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012). Whether a state law claim sounds in fraud is a matter of state substantive law. *Id*. (*citing Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

Neither party cites to a Kentucky case which discusses the pleading standard for state extortion claims. However, courts in this Circuit and other Circuits routinely analyze motions to dismiss extortion claims under Rule 8, not under Rule 9(b).[1] *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 2013 U.S. Dist. LEXIS 112303 *8 (W.D. Ky. 2013); *Ferluga v. Eickhoff*, 408 F. Supp. 2d 1153, 1159 (D. Kan. 2006) ("But in this case plaintiff alleges predicate acts of extortion, not fraud, and therefore no such heightened pleading standard applies"); *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002).

---

[1] "The text of Kentucky Rule of Civil Procedure 9.02 is materially identical to the text of Rule 9(b)." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239 FN 2 (6th Cir. 2012).

Mayson argues that "RICO violations premised on extortion [must] meet Rule 9(b)' stringent requirements." (Docket #12). In support, Mayson cites *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393 (6th Cir. 2012). The *Heinrich* court discussed the pleading standard for RICO claims sounding both in fraud and in extortion, but only those claims sounding in fraud were held to the "more rigorous pleading standards of Rule 9(b)." *Id*. at 403. The *Heinrich* court analyzed the extortion claim under the general pleading requirement found in Rule 8. Other courts have also distinguished extortion claims from other RICO claims sounding in fraud. *See e.g. K.B.A. Constr., LLC v. Home Acres Bldg. Supply Co*, 2005 U.S. Dist. LEXIS 48630 *6-7 (W.D. Mich. 2005); *see generally Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002) ("Defendants confuse the requirement to plead with particularity RICO acts predicated upon fraud pursuant to Rule 9(b) with Rule 8's more general notice pleading typically required of all litigants"); *Olathe/Santa Fe P'ship v. Doull*, 2013 U.S. Dist. LEXIS 105621 *5 (D. Kan. 2013) ("The court expressly recognized that mail fraud and wire fraud sound in fraud and must be alleged with particularity. The court did not make a similar statement for Hobbs Act extortion. Instead, the court understood that the general pleading requirements applied to those allegations").

The Court holds that Jones' extortion claim must only the general pleading standard found in Rule 8. To the extent Mayson argues that Jones's extortion claim fails to meet even this standard, the Court finds that argument unpersuasive. Rule 8 requires only a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Jones has claimed Mayson is demanding "many times the amount they provided," has threatened to "have Jones criminally prosecuted," and has "interfere[ed] in other litigation in which Jones is

involved" in an attempt to seek repayment. (Docket #11). This is sufficient to put Mayson on notice of the claims Jones has asserted.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Docket #8, 12) are DENIED. A telephonic status/scheduling conference is set January 21, 2015 at 10:00 a.m. Central Time. The Court shall place the call to counsel.

cc: counsel of record